Thank you, Your Honor, and may it please the Court, I am Paul Schiff Berman and I am representing the appellants, Sharyl Attkisson and her family, in this matter. The Attkisson's complaint in this case must be allowed to proceed to a full discovery process, at least with regard to the actual governmental agents alleged to have hacked into their computer systems. If the factual allegations in this case are not sufficient at least to go to discovery against those John Doe defendants, it's difficult to see how any citizen, will ever be able to challenge warrantless government surveillance absent an actual government whistleblowers. With regard to those John Doe agents, there's been almost no argument put forth either by the district court or the government as to why the Attkisson's claims are insufficient. They are just the Bivens case for the electronic age, a suit seeking monetary damages for a single individual unconstitutional search. They're also indisputably within the Electronic Communications Privacy Act because as to the John Doe's, we don't have to interpret, procure, or liability. As I understand it, the district court dismissed the John Doe action because it couldn't specify. But it seems like to me, I'm trying to understand that, you didn't have a chance. I guess that would be your argument. That would be my argument. We have not had a chance. It's undisputed that although there was a brief window of discovery granted during that discovery because of motions for protective orders and renewed motions to dismiss, there hasn't really been any actual discovery. There's been one, a grand total of one deposition. There were subpoenas. There were documents that were requested of the government, which we never received. And so effectively, there's been no discovery. And so the We review for abuse of discretion, right? You review the district court's determination of how to run the trial process for abuse of discretion. But in this case, she's dismissing on Twombly and Iqbal grounds. I was referring back to the question from my colleague, which was about the John Doe's and whether or not you had a chance. That's a discovery question, right? That's not the ultimate question. Well, so presumably it's a little bit unclear, but presumably she is dismissing against the John Doe's because the complaint as it stands doesn't state sufficient factual allegations against them under the Twombly and Iqbal standards. So we would submit that that is not an abuse of discretion question. If we want to challenge the way the district court managed the course of the discovery, that strikes me as a different question. I think it's undisputed. Well, if you had time to come up with the names, which she seemed to think you did, then that is a discovery question, whether or not you did and whether or not she abused her discretion. Because I think that that's a hard issue, too. But it seemed to me that we were sort of stuck with abuse of discretion with respect. You had three months. You got some extra time. You got some more extra time. You know, I So we would submit that it's also an abuse of discretion because there was no actual time for discovery, because although there were three months during that period, most of the time was spent litigating the question of whether you put all that to the district judge, say we really didn't have three months. I just didn't read the record that way. And so, you know, I know that things are different when you're in the trial court. You're going a mile a minute. But still, what we have is the record. So what the trial counsel did is to try desperately to respond to the district court's order that he try to come up with names for defendants. He did end up trying to add Verizon as a name because that was the only one that he was able to come up with. But during that time, there was no opportunity, no true discovery opportunity to come up with names. And it seems to me that it can't be the case that this kind of discovery matched with Twombly and Iqbal should effectively be allowed to overrule Bivens. Remember, Bivens is against six unnamed officers, right? That case went up to the Supreme Court, and the Supreme Court didn't say, well, you haven't named the people. Therefore, we're not going to allow this case to go forward. And so I think on either an abusive discretion standard or on the DeNova review of Twombly and Iqbal, it seems to me that this claim, at least with regard to the John Doe's, has to go forward. Otherwise, the government can effectively use their refusal to engage in discovery, their motions for protective orders, and Twombly and Iqbal to create absolute immunity. In a surveillance case. Because the evidence is always going to be in the hands of the government. There's no way for the Atkinsons to know who the people are who might have engaged in this activity. You were not trial counsel, is that correct? I was not trial counsel, no. It's important to recognize, it seems to me, that the allegations that were in the complaint were not sort of fly-by-night allegations. They weren't allegations, oh, well, my computer shut down, and I think the government might have done it. Well, this is where it's confusing. I'm listening to Judge Marsh's question, and I want to flesh it out to make sure. I thought the dismissal was a failure to comply order, which is an abusive discretion standard. You want to dismiss on a 12b-6? I would say it's a little bit confusing exactly how the court handled this case. Well, I think the answer to that is yes, and they also denied leave to amend. So they denied, so the district court denied, granted the 12b-6 motion. So in that sense, it was on a 12b-6. The footnote having to do with the John Doe defendants specifically, I would say, is ambiguous as to what the basis is. You're talking about footnote 2 on page 4? I'm talking about footnote 3 in Joint Appendix 669. All right, on page 6. And in that footnote, she doesn't really say under what basis, I would say. My argument would be that it was joined to the 12b-6 motion, and she's explaining why she is also granting the Twombly-Iqbal 12b-6 motion with regard to the John Doe defendants. But the rationale is that you haven't identified anybody. And as I say, then you have to go back and look at the record and see how much time you had and say what – and I know it wasn't you – what representations were made to the district court. Like, the discovery requests that your side made were extremely broad. I mean, I'm not really faulting you. I'm just saying that if you don't lay it out, it's not there. So the trial counsel tried to make discovery requests that were informed specifically by David Scantling, who was the forensic expert that the plaintiff had hired. And David Scantling, again, is not a fly-by-night person. He's done work for the NSA. He's a major forensic analyst. And he filed a – or the plaintiff filed an affidavit saying the requests we are making are the minimum requests we need to do the forensic analysis that would determine the factual basis for our complaint. And remember, on a motion to dismiss, we're supposed to take all of the factual allegations in the complaint as true, not the legal conclusions. But here we've got a huge number of factual allegations that are far more specific than in Twombly, for example, where it was just, you know, we think that there was a conspiracy, but we don't know when, we don't know under what circumstances, and we don't have any details. Here, there's a specific timeframe. There's evidence connected to – or there's allegations connected to why the Justice Department might have been interested in Ms. Atkinson. And there's the forensic analysis that was done that indicates both that her computer was hacked into and that it was from a government IP address. Now, there may be answers to that. There may be answers the government could give, though they haven't answered anything yet. There may be challenges to Mr. Scantling or the other forensic analysis, but that's what discovery and trial is for. And we haven't had any of that in this case. And – How long was this lawsuit pending? The lawsuit has been pending for quite a long time, many years. But first in Washington. Not always in front of this district court. Correct. It was originally filed in Washington. It got transferred. It sat for years, literally. It was filed in February of 2015. That's correct. And dismissed in May of 2018. Correct. But during that entire time, the only window of discovery was during those couple of months that we talked about earlier. And during that period, again, most of that time was spent litigating the challenges by the defendants to the scope of the discovery requests themselves. So in actual fact, there's been one deposition and no documents. And given the seriousness of the complaint and the factual allegations in the complaint, it's not the plaintiff's fault that this case has been sitting for so long. There's been a whole set, obviously, of complicated procedures. You're right. There's a lot of this is not their fault. But once you get in front of this district judge, and then you have these disputes about what is to be given, and you have a hearing on January 12th, right? And then the court – the district judge is – the magistrate is unhappy with the progress that is being made and tells your predecessor to focus. And yet you didn't focus. He did try to focus. 16 days elapsed after the hearing in which he didn't do anything. So my understanding is that trial counsel during that time, A, filed document requests of the government, and B, tried to get depositions of the defendants in this case. And that – even scheduling those depositions – No, that was after 16 days. He filed the same broad requests. He didn't – he didn't focus. I mean, maybe ultimately he's going to get all this evidence, but he's gotten a pretty clear indication from the magistrate judge, look, this has been pending a long time, not in front of that court, but in the federal court. And I take – totally take your point that a lot of that predecessor was not your fault. But you've gotten an indication to go do something, and you don't limit what you're asking for. You know, I – maybe we wouldn't – none of us would have ruled that way, but I just think that since what you're doing now is focusing on the Doe defendants, it's pretty hard to say there's an abuse of discretion here. So, again, I think that the – because the district court dismissed this on a 12B6 motion, it's not an abuse of discretion review. Okay. I hear you. She's dismissed the John Doe defendants, and we would argue she's dismissed the John Doe defendants in contravention to clear legal principles and essentially is using Twombly and Iqbal to overrule Bivens. So we have to find that this is – that we're not going under abuse of discretion, which would ordinarily apply to a discovery dispute. I think this also would satisfy abuse of discretion standard in this particular case, because given the kind of allegations – these are hard allegations to prove. There's no question, right? We've got forensic issues. We don't have – we don't know who the defendants are. It's hard to figure out exactly what you're looking for. And so, you know, the requests have to be relatively broad. We have to try to find who in the government might have authorized this or might be responsible. Depositions were tried to be scheduled, but the scheduling ended up happening in mid to late February, which was after the deadline. So he tried, I think, to make that tiny little period of which, again, the first two months were spent litigating the scope, and to make that the basis for a 12B6 dismissal in a case of this import with these kinds of factual allegations where we really have not just a random fishing expedition, but we have true factual allegations that go on for pages and pages that are built on actual forensic analysis, I think that would satisfy an abuse of discretion as well. But I also think that because she dismissed it on a 12B6 motion, it should not be reviewed for abuse of discretion. It should be reviewed de novo. Now, I also think that the claims against Holder and Donahoe should – When you say it should be reviewed de novo, what are you referring to, the it? It meaning the district court's dismissal of each of the various claims, including the John Doe defendants, on the government's 12B6 motion, and that that should be reviewed de novo as with any 12B6 motion. But insofar as the failure to comply, that's abuse of discretion. So if your honors wish to think of this in terms of whether the district court provided a sufficient discovery period for claims of this magnitude and this type, that would be abuse of discretion. There's a standard that's laid out, and that is courts rarely dismiss on the 41B, and there are certain circumstances in which the court lays out. And I thought you were going to go to saying that the court didn't really go into those factors. The court didn't – Because I don't see those issues as being intertwined between whether you fail to comply and then the 12B6. The 12B6 was a whole different standard there. But the failure to comply, you've got to deal with that first on an abuse of discretion standard. That's separate, it seems to me. And you acknowledge that in your brief. Page 2. Did the district court abuse its discretion in denying the Atkinsons leave to amend their complaint and to add Verizon defendants, given the extent of the Verizon's involvement was only uncovered through the limited discovery permitted by the court, and given that Federal Rule of Civil Procedure dictates the court should be freely leave to amend? So you're only dealing with Verizon. Yeah, so that's a different question. So where are you dealing in the statement of issues presented for review and your standard of review? You know, we have these rules, so we know what the parties are saying is the standard of review. So where do you tell us what the standard of review is? So what we said the standard of review was, with regard to whether we can amend the complaint to add Verizon, the standard of review is abuse of discretion. With regard to the dismissals, we treat the dismissals as 12B6 dismissals. And as 12B6 dismissals, our argument on the standard of review is that that is de novo review by this court, using Twombly and Iqbal. And we think that this complaint easily satisfies the Twombly and Iqbal standard because it has numerous factual allegations which have to be taken as true at this stage. They can be tested during discovery and trial, but they have to be taken as true at this stage, and therefore it satisfies Twombly and Iqbal. Certainly with regard to the John Doe defendants, because on those – That's where my next question was going, because you used a blanket that satisfies it, but you're talking primarily about the John Doe. Well, I just want to make sure the court understands that regardless of what you do with regard to Holder, Donahoe, and Verizon, there's really essentially no argument that has been made for why the case should not continue against the John Doe defendants because any of the arguments to be made about either Bivens or the Electronic Communications Privacy Act wouldn't apply to the John Doe defendants. And so with regard to at least them, we think that it satisfies 12B6. Now, I can also argue for why I think with regard to Holder and Donahoe it satisfies 12B6, because an operation of this magnitude, again, assuming the facts are true, would have almost certainly have to have had the involvement of high-level people within the relevant agencies. And so we think that it is plausible and therefore satisfies the 12B6 standard to also bring in the claims against Holder and Donahoe. But if the court wanted to remand with just the John Doe defendants and later we found evidence that Holder or Donahoe were involved, we could presumably add them then, which gets to the Verizon point, which is you don't want plaintiffs to sue people up front for whom they don't have sufficient evidence, but then if you don't allow them to change their complaint later once they have some evidence, then it seems like it puts plaintiffs in a very difficult position. You are well over your time, unless one of my colleagues has a question for you. Thank you. Thank you. May it please the Court, Thomas Byron from the Justice Department here on behalf of the government defendants, including the former Attorney General and Postmaster General. Your Honor, the Plaintiffs' Counsel at argument today didn't really address with any specificity the claims against the former Attorney General and Postmaster General. The district court here carefully considered those claims and correctly rejected and dismissed them. If the court has any questions, we'd be happy to address them, but otherwise we think that the arguments are adequately set forth in the briefs. I do want to address the arguments that the Plaintiffs' Counsel did raise this morning, but I have to make clear at the outset that we do not represent any of the unidentified John Doe defendants. Indeed, no one represents them because it's not even clear whether they exist, who they might be. We must get that insurance lawyer back. Were you here earlier today? I was not, Your Honor. But that does go, I think, to some of the Court's questions in the opening argument. The district court here was — You don't represent the John Doe defendants — That's correct, Your Honor. — in your briefing on the Postmaster General and the Attorney General. Yes, Your Honor. So you have — So who have you got left? We have no — you have no objection, then, for the reinstatement with respect to the John Doe defendants? So we do represent the United States and the FBI, Your Honor. And to the extent that the plaintiffs have sought discovery from the government, we do think that we're in a position to address the questions that the Court raised this morning, in particular the case management questions that the district court — Don't leave that point, Doe. I'm trying to understand that myself. Sorry, Your Honor. You don't represent the John Doe defendants. And if we accept all the others out, then what Judge Martz asks is, you don't have a problem if we send John Doe back there. So — I mean, discovery is something the trial court can handle. Whether or not you allow — those are different issues. But the question of whether it goes forth in 1286, that's all we've got. Judge Wynn, I think that the federal government does have an interest in the case management that the district court — the case management decisions that the district court — Is the federal government sued? Yes, Your Honor. Both the United States and the FBI were named in the first amended consolidated complaint, which was filed, the most recent complaint that was filed in this case. The plaintiffs have not sought in this appeal to argue — In the style of this thing, we got listed to FBI, Federal Bureau of Investigation, but we got agents of the — unknown agents of the United States. Your Honor, I'm not sure if you're looking at the consolidated complaint — Maybe I'm not looking at the right one. — or the first amended consolidated complaint. I'm looking at the — How about at your brief? I'm looking at everybody. I'm looking at your brief. That's exactly what I'm looking at. Right. The red brief. Okay. Right. Can we all be together and you can tell us who you represent? And that reflects — That's usually right. That reflects this court's caption. We have no control over that, of course. Okay. My only point, Judge King, and just to turn back to Judge Wynn, to your question, is that we think that the district court here reasonably exercised its case management function in the absence of any party or counsel before it. But to be clear, nobody here is representing John Doe defendants, is what you're telling me. Yes, Judge Wynn. That's right. That's right. Now, if it went back and discovery was done, so to turn up some names, you could be represented, sounds like to me, some of those. There is a potentiality that once they're identified, you may be represented. So, Judge — Why wouldn't you have an interest from that perspective? So, Judge Wynn, I think that there is a process in place to make a representation decision about anybody, if anyone's ever identified, if indeed, as I say, they even exist. We don't know the answers to any of those questions. And I think this is relevant to plaintiff's argument that there's been some kind of concession and even to plaintiff's argument that there was a 12b-6 motion, which there was not with respect to those defendants because they were not before the court. That was, again, the district court's case management function reasonably exercised. Judge Motz, I think you raised — Well, but you don't have any position to tell us about it being reasonably exercised. I mean, there is a long history of this case. I wasn't there, so I can't tell you whether it was government recalcitrance or lack of pursuing the case on the plaintiff's part, but we have this long period and then we have three and a half months in front of this district judge in the rocket docket. Yes. And we have — maybe there's 16 days when they didn't do what they were supposed to do, but I'm not sure that that's — I'm just not — And we don't have anybody defending that right now because you don't have a client, right? Judge Motz, my client is the United States and the FBI in addition to the two named Bivens defendants, and we did — the government did go before the magistrate judge in plaintiff's motions to compel, which you were referring to earlier. You're talking about Alexander now. Yes, Your Honor. Right. Yes, that's right, Judge King. So this — the government does have a stake in this in terms of defending the discovery. This was discovery at government agencies, and this discovery dispute was between the plaintiff's counsel and the government defendant's counsel. So it is absolutely fair to say that the government had a stake in this, litigated this question about the adequacy of the discovery before the magistrate judge. And so it is — it's not true that that was somehow exparted. But I maybe misunderstood your first — your entry before us because I thought you were saying to us that all may be true in front of the magistrate judge, but as we are in this court, you represent the two individuals. Yes. And since — and maybe these agencies. Yes. I guess you represent them. But you don't represent the John Doe people because you don't know who they are. That's right, Judge Motz. So I don't know what we do with that. Have you thought about this before the oral argument? Yes, Judge Motz. Indeed, a great deal. And so if I — sorry, Judge King. So what did you — when you were thinking about this before oral argument, what happy cases or authority do you have to tell us about this? So as I was just trying to explain, Judge Motz, I think the fact that the government has a strong interest in defending the magistrate judges and ultimately the district court's resolution of these case management questions because of our role in litigating this discovery dispute and the discovery questions that arose before the district court. Now, all that said, I just wanted to make clear that we are not articulating, we have not represented in the district court or in this court anybody who has not been identified.  That was the main point you're offering. No, I was going to point out these — what you call the John Doe defenders who are apparently identified as unknown named agents of the Department of Justice and unknown named agents of the United States Postal Service and unknown named agents of the United States of America are only sued in their individual capacities. That's right, Judge King. They don't know who they are, and they're not sued in any official capacity. That's correct, Judge King. All right. So — and if I may, this is unlike — Well, if that's the case, are you ever going to be representing those people? In theory, Judge Motz, well, let me — let me, if I may, contrast this — There's not a final order here, then. Sorry, Judge King? Is there a final order here? Yes, I think there is. The district court dismissed the complaint in its entirety in November of 2017, leaving — without prejudice solely with respect to leave the plaintiffs the opportunity to identify what the court called John Doe defendants. As you say, what the complaint identifies is unidentified named agents. You're trying to uphold the entirety of the order. We are explaining that we think the district court's order was reasonable, Your Honor. Yes. It was certainly within the court's exercise of discretion. Turning back, Judge Motz, to your question, which I now apologize I have — This is all of the thinking that you've done about this, maybe, about this issue. So — so it is a challenging problem, because ultimately the district court here was faced with a difficult question, what to do with these John Doe defendants, and had to make a decision about how to manage the docket before it. And we think that decision was within the exercise of its discretion. It certainly took account of the government's interest in defending the discovery that was the dispute that went before the magistrate judge, for example. But I don't even know that you have any right to make that argument now. I mean, you know — Judge Motz, we don't stand on it. And I'm happy to defer. I would just point out that this is quite a different — What do you mean you don't stand on it? I mean, you're just talking, and — He's trying to respond. So, Judge, when I was merely trying to respond to the plaintiff's opening argument, which, as I say, did not focus principally on the issues addressed in the bulk of our concern for the government. This is, though, unlike a typical case involving John Doe defendants where there was an incident, you could say a particular FBI agent was present at an arrest, and that individual could be identified. The plaintiffs have not provided even that degree of detail that would allow identification in the ordinary course. But, of course, this was done surreptitiously. I mean, they say that you shouldn't be knowing this. Except that we don't know who — Well, you know who would be the agents for these names, the two high officials. So you could trace it down. So that actually, Judge Motz, goes to the very reason that the district court correctly dismissed the Bivens claims against the Attorney General and Postmaster General. They were not linked in any way to the allegations of intrusion or interception of electronic information. Well, how do you sue the ones that are when it's being done in the kind of manner I would imagine the FBI — I always think they really know what they're doing and want to do something secretive here. And here you have the bare facts of this. You've got — you know, in the Bivens sense, but also in the sense of you've got the bare facts of someone who's been having all of their personal technology, I guess, being compromised, allegedly by the government. And there's no way — how are you going to know who the defendants are if you're not allowed to get into it and find it out? I mean, this could be done by anybody, but more or less from the government's perspective, they're not going to give you names unless you get into it to try to find out, to name who it is that's doing it. What is alleged here, clearly, and by experts, there's no question that computers were being compromised. There's no question that there are those who can testify. Evidence is sufficient and, like, most favorable. It's coming from the United States government. It's going in our house, compromising computers, phones, everything that you can name up and securing information, I guess, in an effort — whatever effort to get the confidential information. So all this is happening, and yet now we're at a conundrum because you're dealing with the mechanics of the court, and it seems as though the government has played this thing pretty well. I mean, you kept it at bay and allowed a limited discovery in certain areas here, and I understand for great purpose, could be security reasons, other reasons. But the idea is that you have a citizen whose rights have been compromised, and the law does allow for a remedy. Someone once said, one of those justices, probably, in the Bennett's case, that, you know, there is a — there should be some remedy for every wrong that's like this. So what do you do with this case? You say you don't represent these dough defendants, but still, you're arguing for what? So, Judge Winn, I think you've identified a challenge for some plaintiffs, but these plaintiffs identified very little. And I'm sorry if I may interrupt just for a moment. I don't want to take time that is allocated to the Verizon defendants, so I do want to wrap up and make sure they have an opportunity to address the issues raised with respect to their clients. The plaintiffs here identified very little. You pointed to the complaint where they said there was something about a government fingerprint on software that doesn't offer any opportunity to go further and try to identify any John Doe defendants. They said something about a government IP address. Again, there's not a lot of information to go on here. But that's a challenge that many plaintiffs face, Your Honor, and it's not one that should allow the kind of overbroad discovery that the magistrate judge here rejected. And as Judge Mott says, you pointed out in your questioning of opposing counsel, the plaintiffs failed to focus after that, as the magistrate judge and the district court required them to do. As I say, I don't want to intrude on time allocated to the Verizon defendants. If the Court has no further questions, we'd urge you to adjourn. Thank you. Thank you. Good morning, Your Honors. May it please the Court, my name is Reid Feigl, and I represent the Verizon defendants who are the appellees in this case. I think it's worth just taking a few minutes to talk about what the district court was presented with and why the district court did appropriately exercise its discretion. Can you talk up a little bit? Yes, I'm sorry, Your Honor. Thanks. First of all, the real question before the Court is whether the district court properly interpreted its own orders. What the district court found before it dismissed the First Amendment consolidated complaint was that the plaintiffs had engaged in multiple violations of court orders. They failed to take or promptly pursue discovery of the John Doe defendants, which the Court admonished them to take at the time of the dismissal of the United States Attorney General Holder and Postmaster General Donahue. They failed to name the John Doe defendants. You don't need to know how this has affected Verizon. You don't represent the John Doe defendants here either. No, Your Honor, but I can defend the dismissal of the complaint because Verizon defendants were named in it. And so to the extent the district court was exercising proper discretion over case management, that affects my clients. I'm only asking you to speak to Verizon. Yes, Your Honor. But my point is, is that the district court at the time she dismissed the First Amendment complaint as to Verizon found multiple violations of its prior orders, the failure to identify John Doe defendants by name, the failure to take discovery of the John Doe defendants, the addition of three new corporate defendants, plus adding back the United States and the FBI without permission, and adding back counts 4, 7, and 8 that had been dismissed with prejudice. Then on top of that, to avoid unfairness, to make sure that there was no unfairness to the plaintiffs. So what are the exceptional circumstances? The case law is pretty clear. You don't dismiss your claim to comply unless in rare cases you find exceptional circumstances. There's a list of factors there. So what are those? Well, the factors here, Your Honor, is they never moved. The plaintiffs never moved under Rule 15 or Rule 16 before the district court to ask, leave, to add the Verizon defendants. That's just a rule of procedure that's a prerequisite to even hitting the question whether exceptional circumstances exist. And the district court found that the – Now, is Verizon dismissed without prejudice? I believe the entire case was dismissed. The final instruction was for the court to close the case. I'm asking about Verizon. Is Verizon dismissed without prejudice? I believe Verizon was dismissed with prejudice, Your Honor. If I read the courts, it's not in the order, but if you look at the footnote, it's an instruction to the clerk to close the case, which I would assume would be. And the footnote says dismissed with prejudice? No, it doesn't. It says a direction to the clerk to close the case, which I assume would mean with prejudice. But critically here, Your Honor, plaintiffs took the position before the district court that naming the Verizon defendants was in compliance with the court's prior orders. The court interpreted her orders and said that that was wrong. And as part of that presentation, because we moved to dismiss under Rule 15, the plaintiffs took the position that it was unnecessary to comply with Rule 15. And specifically, they said that the court didn't need to address the circumstances that Your Honor identified under Rule 15 in the Fomin case in the Supreme Court because adding the Verizon defendants was consistent with the court's existing orders. The court was well within its jurisdiction to find that that – I'm sorry, was properly exercised its discretion to find that that wasn't so. So for the plaintiffs now to claim that there was an abuse of that discretion for failing to grant leave under Rule 15 when they told the district court it wasn't necessary for her to address the Rule 15 factors really is a waiver of that claim on appeal. And it's disingenuous, we believe, Your Honor. Did the district court ever consider any lesser sanctions before dismissing? I think, Your Honor, the court carefully reviewed the totality of the circumstances, made specific findings as to the prior violations of the court orders. I think the answer, the more direct answer is no, and then you give us the reason why it didn't need to, perhaps. She did not consider – there was no oral argument. There was an opinion that dismissed the complaint. The court, I believe, though, went through very carefully and canvassed her prior orders, looked at the merits of the claims under Twombly-Nickball as to the Verizon defendants, found that there had been ample opportunity for discovery of the John Rose, and the exercise of its inherent authority to manage its docket and for case management dismissed the complaint because enough was enough. And on top of that, when you look at exactly what was in that First Amendment complaint, the district court had had a hearing as to whether the United States was a party. Plaintiffs said the United States wasn't a party. She dismissed Counts 7 and 8 based on that representation. The next day, the plaintiffs asked to add the United States as a party, leave to amend. The district court denied it, said that would be a regression of the litigation. She was trying to move the litigation forward. The next thing the plaintiffs did was filed a separate complaint naming the United States. Then on February 5th, they add back in the United States. They add back in Count 4. They add back in Count 7 and 8. This relates to Verizon. How? Because it affected the court's exercise of discretion as to whether adding the Verizon defendants was consistent with her prior orders. What she found was wholesale violations of past orders of which adding the Verizon defendants without leave. So by the time it got to you, enough had been enough, and you got the benefit of that, is what you're saying. Well, I think the court had careful, thoughtful adjudication of all the various claims, including for Verizon. One other point, just because I think it's important, the plaintiffs did have opportunity to take discovery. On January 12th, the magistrate judge ordered Verizon to make the technician who went to Ms. Atkinson's home and did the service call and a Rule 30b-6 to talk about the various IP addresses. And Verizon was prepared to have that discovery go forward, and plaintiffs never noticed it. In addition, Verizon had provided discovery on a voluntary basis prior to that. So they had information from Verizon about the IP addresses. And what the court found was there had been months of potential discovery, and the plaintiffs didn't take advantage of the discovery opportunities that they had. And that was part of what informed her overall decision to dismiss the complaint. Unless the Court has further questions, I'll go. Thank you very much. Thank you. Mr. Berman, you have some rebuttal? You have three minutes for rebuttal. Thank you, Your Honor. The conduct of the oral argument so far, I think, demonstrates the incredible difficulty with which the Atkinsons have had in pursuing this suit. The government claims it doesn't represent the John Doe defendants. It can't even accept service of process for the John Doe defendants. I note that would have been true of Bivens itself, so it's a little bit odd. But it shows how difficult it has been at every single procedural step in this filing an answer, which they haven't done because they say they don't represent the John Doe defendants. And so for a claim of this magnitude with this amount of specificity for the government to, at every stage, avoid even responding, strikes me as not something that this Court should countenance. This Court should, at the very least, send the case back so that there can be a full discovery process to see, to test whether the plaintiff's claims really have evidentiary validity. We have no idea at this stage. And if these claims with forensic analysis and detailed allegations isn't good enough to go forward, I can't imagine any surveillance claim that could ever be made against the government, which means we have essentially created an absolute immunity just because the government is able to avoid defending the case. Now, I also want to say, with regard to the question of whether the District Court could dismiss fully just because of failure to comply with discovery orders, assuming that that were even true, I would be happy to present something. Oh, that is true. I mean, there is case law that you can dismiss the complaint for lack of compliance. No, I meant assuming it's true. What I meant is assuming it's true in this case that the plaintiffs really did fail to comply with the discovery orders. I would be happy to present supplemental briefing on the question of whether the dismissal, if it were for failure to comply, is appropriate in this case. We would argue that that's not really how the District Court seemed to dismiss the case, though I admit it's ambiguous as to how they did it. With regard to Verizon, Verizon was added because finally after one deposition there actually was additional information that was found, and the forensic experts looking at the Byram deposition determined that there was more information that they had that they didn't have earlier and that it directly implicated Verizon. So it seems to me, again, it's appropriate to add Verizon at that stage because that's when the evidence suggested that challenging Verizon was appropriate and that there was a sufficient factual predicate for doing so. Thank you very much. Thank you.
judges: Diana Gribbon Motz, Robert B. King, James A. Wynn Jr.